**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| OLHA NOHA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH B. EDLOW,<br><br>Defendant. | ) | Civil Action No. 25-1790 (RBW) |

## MEMORANDUM OPINION

This matter is before the Court on the Motion to Transfer or Dismiss ("MTD"), ECF No. 31, filed by the defendant, the Director of the United States Citizenship and Immigration Services ("USCIS"). For the reasons stated below, the Court grants the defendant's Motion and dismisses this matter without prejudice.

## BACKGROUND

The plaintiff, proceeding *pro se*, filed this matter on June 6, 2025. *See* Complaint[1] ("Compl."), ECF No. 1. She sues the defendant in his official capacity and demands a writ of mandamus compelling the defendant to adjudicate her Application to Extend/Change Nonimmigrant Status (Form I-539), which has been pending since 2022, as well as her Application to Adjust Status to Lawful Permanent Resident (Form I-485), Petition for Alien Relative (Form I-

[1] After filing this case, the plaintiff filed an influx of notices ostensibly attempting to supplement her Complaint, *see, e.g.*, Notices, ECF Nos. 4–5, 7–8, 10–17, 19–21, but a notice is not a proper mechanism for amending or supplementing a complaint. Instead, a complaint is amended in accordance with Rule 15(a) and (d) of the Federal Rules of Civil Procedure and with Local Rule 7(i) and 15.1 of this court. *See Lewis v. Sessions*, No. 17-5475 (FLW), 2017 WL 7313822, at *6 (D.N.J. Nov. 3, 2017) ("Neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [a plaintiff] to submit numerous addenda to his Complaint in this piecemeal fashion.").

130), and her Application for e-Notification of Application/Petition Acceptance (Form G-1135). *See id*. at 4–6, 8–9, 14.

In response to the Complaint, on January 12, 2026, the defendant filed the pending Motion to Transfer or Dismiss. *See generally* MTD. The defendant attests that the plaintiff was served with the Motion by certified mail and email. *See* Certificate of Service (Jan. 12, 2026), ECF No. 32. On January 14, 2026, the Court issued an Order, ECF No. 33, directing the plaintiff to respond to the defendant's Motion by February 17, 2026, and advising her that failure to respond could result in dismissal of this case without the benefit of her input, *see id.* at 1–2 (citing *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (per curiam)). On January 23, 2026, the Clerk of Court mailed a copy of that Order to the plaintiff's address of record. The opposition deadline elapsed, and the plaintiff neither filed a response to the defendant's Motion, nor requested additional time to comply. To date, the plaintiff has not updated her address in this matter, as required. *See* D.C. LCvR 5.1(c)(1). Indeed, she has not participated in this case whatsoever since September 4, 2025. *See* Request for Leave to File (representing the plaintiff's last submission in this case), ECF No. 23.

## LEGAL STANDARD

**Venue**

Federal Rule of Civil Procedure 12(b)(3) governs motions to dismiss for improper venue. *See* Fed. R. Civ. P. 12(b)(3). Under Rule 12(b)(3), a court should accept the plaintiff's well-pleaded factual allegations regarding venue as true, draw all reasonable inferences from those allegations in the plaintiff's favor, and resolve any factual conflicts in the plaintiff's favor. *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008). A court has no obligation, however, to accept the plaintiff's legal conclusions regarding venue. *See Williams v. GEICO Corp.*, 792 F.

Supp. 2d 58, 62 (D.D.C. 2011). And, a court may consider materials outside the pleadings to determine the propriety of venue. *See id.*; *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014), *aff'd*, 602 Fed. Appx. 836 (D.C. Cir. 2015) (per curiam); *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)).

"Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Williams*, 792 F. Supp. 2d at 62 (quoting *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003)); *Johnson v. Deloitte Servs., LLP*, 939 F. Supp. 2d 1, 3 (D.D.C. 2013) (same). A defendant objecting to venue need only allege facts with "'sufficient specificity to put the plaintiff on notice of the defect'" in venue. *McCain*, 13 F. Supp. 3d at 51 (quoting 14D Charles Alan Wright et al., Federal Practice and Procedure § 3826, at 496 (4th ed. 2013)); *see also Roland v. Branch Banking & Trust Corp.,* 149 F. Supp. 3d 61, 67 (D.D.C. 2015) (noting the defendant's obligation to "present facts that will defeat the plaintiff's assertion of venue").

Federal Rule 12(b)(3) should be read in conjunction with 28 U.S.C. § 1406(a), which requires that a court "dismiss" a case that has been filed in the improper venue "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Read together, "Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper' . . . in the forum in which [the case] was brought." *Atl. Marine Constr. Co. v. U.S. Dist. Court for West. Dist. of Tex.*, 571 U.S. 49, 55 (2013). The decision whether a transfer or dismissal is in the interest of justice rests within the sound discretion of the district court. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983), *cert. denied*, 467 U.S. 1210 (1994).

## DISCUSSION

The plaintiff has failed to establish that venue is proper in the District of Columbia. Generally, a civil action brought against a federal officer sued in his official capacity may be brought only in the judicial district where (1) a defendant in the action resides; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) a plaintiff resides if no real property is involved in the action. *See* 28 U.S.C. § 1391(e)(1).

For purposes of determining venue in a case involving a federal official, what controls is "the judicial district where he maintains his official residence, that is where he performs his official duties." *Nestor v. Hershey*, 425 F.2d 504, 521 n.22 (D.C. Cir. 1969) (internal quotation marks omitted) (citing cases and secondary authority). In this matter, the sole defendant is the Director of USCIS, who resides in Camp Springs, Maryland, where he performs his official duties, and where USCIS has been headquartered since 2020. *See Fhazz LLC v. Edlow*, No. 25-2219 (DLF), 2026 WL 1843402, at *2 (D.D.C. June 26, 2026) ("USCIS's headquarters and leadership are in Camp Springs, Maryland, in the District of Maryland."); *see also* MTD at 2 (citing *Melnattur v. USCIS*, No. 20-3013 (JDB), 2021 WL 3722732, at *3 (D.D.C. Aug. 23, 2021) (transferring immigration mandamus suit and finding that "although USCIS used to be headquartered in Washington, D.C., the agency recently moved its headquarters to Camp Springs, Maryland, effective December 2020"); *Wei Lai Dev. LLC v. USCIS*, No. 21-0887 (RDM), 2021 WL 2073403, at *3 n.5 (D.D.C. May 24, 2021) (transferring the case and noting that "no USCIS headquarters level offices" have been located in the District of Columbia since December 11, 2020, and that they are all since then located in Camp Springs, Maryland) (citation and internal quotation marks

omitted); *Bahena v. Renaud*, No. 21-0291 (RDM), 2021 WL 1820232, at *1 (D.D.C. May 6, 2021) (same)). The plaintiff also resides in Maryland. *See* Compl. at 1; *see generally* case docket.

Furthermore, there is no allegation that any of the acts or omissions giving rise to this case took place in the District of Columbia, including any allegation that the applications at issue are pending review in this District. Indeed, if USCIS was, in fact, compelled by the Court to act on the plaintiff's applications, as requested, that action would presumably take place at USCIS's headquarters, *see Bahena*, 2021 WL 1820232, at *2 (finding that, even though the plaintiff's application was pending at a field office in Oregon, if the court granted plaintiff's request to compel "USCIS headquarters to take some action, that action will likely occur in Camp Springs, Maryland[.]"); *see also Bekkam v. Dep't of Homeland Security*, No. 25-2010, 2025 WL 2897656, at *2 (D.D.C. Oct. 10, 2025) (transferring action challenging USCIS decisions to the District of Maryland and finding that, "[w]hile it [was] not clear from the record whether these decisions were made from the USCIS's headquarters in Maryland or from one of its field offices around the world," there was no dispute that USCIS was the overarching "decisionmaker[.]"), or alternatively, in the District where the plaintiff resides, or perhaps, where her local USCIS field office is located, *see* MTD at 4 (citing *Chauhan v. Napolitano*, 746 F. Supp. 2d 99, 102 (D.D.C. 2010) (transferring immigration mandamus suit against USCIS to district where the local field office was located and where the plaintiffs resided); *Mohammadi v. Scharfen*, 609 F. Supp. 2d 14, 16 (D.D.C. 2009) (same); *Roh v. USCIS*, No. 21-1291 (RJL), 2021 WL 5050071, at *1 (D.D.C. Nov. 1, 2021) (same); *Khamoush v. Mayorkas*, No. 21-1239 (RC), 2021 WL 4709719, at *1 (D.D.C. Oct. 8, 2021) (transferring immigration mandamus suit against USCIS to district where the plaintiff resided); *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 332 (D.D.C. 2020) (transferring action seeking review of the denial of an immigration application to the district where the local field

office was located and where the plaintiff resided); *Bourdon v. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 310 (D.D.C. 2017) (same); *Pearson v. Rodriguez*, 174 F. Supp. 3d 210, 214 (D.D.C. 2016) (same); *McAfee, LLC v. USCIS*, No. 19-cv-2981 (DLF), 2019 WL 6051559, at *2 (D.D.C. Nov. 15, 2019) (same); *Gyau v. Sessions*, No. 18-0407 (RCL), 2018 WL 4964502, at *1 (D.D.C. Oct. 15, 2018) (same); *Ngonga v. Sessions*, 318 F. Supp. 3d 270, 274 (D.D.C. 2018) (transferring action seeking review of the denial of an immigration application to the district where the plaintiff resided); *Aishat v. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 272 (D.D.C. 2018) (same)). Here, *all three* of those sites—the location of the agency, the location where the action demanded by the plaintiff will be made, and the location of the plaintiff's residence—are found in the District of Maryland.

While "the standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it," *Nat'l Wildlife Fed'n v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001), dismissal is appropriate "when the outcome is foreordained," *Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 370–71 (D.C. Cir. 1997) (noting that "it made little sense to transfer the case to another jurisdiction pursuant to 28 U.S.C. § 1406," since "[t]hat would have kept the case alive only until the next court looked it over and found it wanting"). Here, the plaintiff has not opposed the defendant's Motion to Transfer or Dismiss, and she has been conspicuously absent from pursuing this matter for nearly 11 months. With no indication that the plaintiff has any intention to prosecute this case, the Court declines to transfer it to another federal court, and instead dismisses it without prejudice pursuant to Federal Rule 12(b)(3). *See Copeland v. Morris*, No. 91–1150 (GHR), 1991 WL 277419, at *1 (D.D.C. Dec. 10, 1991) (where the plaintiff "neither opposed the government's motion nor moved for an extension of time in which to respond," the court dismissed "for lack of venue" under Rule 12(b)(3), but noted that the "dismissal [was] without

prejudice, however, and plaintiff [could] refile his complaint in the United States District Court in which venue is proper.”)). A separate Order will issue.

**SO ORDERED** this 1st day of September, 2026.

REGGIE B. WALTON
*United States District Judge*